**GANG LIN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Michael Mukasey, U.S. Attorney General,[1] Respondents.**

No. 07–1040–ag.

United States Court of Appeals, Second Circuit.

Feb. 11, 2008.

---

1. Pursuant to Federal Rule of Appellate Pro-        cedure 43(c)(2), Attorney General Michael

Dehai Zhang, Flushing, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General; John C. Cunningham, Senior Litigation Counsel; Ann Carroll Varnon, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROBERT D. SACK, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Gang Lin, a citizen of the People's Republic of China, seeks review of a February 20, 2007 order of the BIA affirming the August 8, 2005 decision of Immigration Judge ("IJ") Philip L. Morace denying his application for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Gang Lin,* No. A97 951 122 (B.I.A. Feb. 20, 2007), *aff'g* No. A97 951 122 (Immig. Ct. N.Y. City Aug. 8, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, the Court may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *See Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir. 2006). This Court reviews legal issues, and the application of law to fact, *de novo. See Secaida–Rosales v. INS,* 331 F.3d 297,

307 (2d Cir.2003). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Iouri v. Ashcroft,* 487 F.3d 76, 81 (2d Cir.2007).

Substantial evidence supports the agency's finding that Lin failed to meet his burden of proof for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 155–156 (2d Cir.2006). To state a claim for withholding of removal, an applicant must present objective evidence of future persecution. *Id.* at 156 (citing *INS v. Cardoza–Fonseca,* 480 U.S. 421, 430, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987)). This objective element, in turn, depends on "the context and believability [an applicant] can establish for his claims through presentation of reliable, specific, objective supporting evidence." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004) (citing *CorderoTrejo v. INS,* 40 F.3d 482, 491 (1st Cir.1994)).

Lin failed to produce objective evidence that the Chinese government had any interest in pursuing him, aside from the 1999 notification to report for re-education. The agency properly determined that this notification did not warrant great weight because the notification was dated September 1999, which was more than five years before Lin's merits hearing, and the agency found "absolutely no documentation" since 1999 to indicate that the government would threaten Lin's life or freedom were he removed to China. The agency concluded that this notice was insufficient to meet Lin's considerable burden of proof for withholding of removal. *See Jin Chen v. U.S. Dep't of Justice,* 426 F.3d 104, 114 (2d Cir.2005).

Mukasey is automatically substituted for former Attorney General Alberto Gonzales as a respondent in this case.

Lin argues that, despite the fact that he has never practiced Falun Gong, the 1999 notification identifies him as a practitioner and establishes that the government imputed pro-Falun Gong sympathies to him. However, the agency did not dispute that Lin could have met the refugee definition by demonstrating that the Chinese government imputed a pro-Falun Gong opinion to him under *Gao v. Gonzales,* 424 F.3d 122, 129 (2d Cir.2005). Rather, the agency concluded that there was not sufficient objective evidence of such imputation for Lin to meet his burden of proof; namely, to show that it was more likely than not that the Chinese authorities would threaten his life or freedom on account of his association with Falun Gong. *Paul,* 444 F.3d at 156.

Finally, Lin did not specifically challenge the agency's denial of his claim for relief under the CAT in his counseled brief to this Court. Accordingly, Lin has waived any challenge to the agency's denial of CAT relief. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 545 n. 7 (2d Cir. 2005) (citing *Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998)) (emphasizing that, "[i]ssues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal").

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).